ASSUMPSIT for services as an architect. Under the recent statute rendering parties to actions competent witnesses in the trial of them, the plaintiff, Edwin W. Thorne, was called and sworn as the first witness in the case, and stated that he was an architect and builder as an architect, and that the defendant, Charles W. Weldin, said to him, in the month of April, 1879, that he wanted to build a dwelling-house at Eight and Broome Streets towards the following winter, and wanted him to prepare a plan and specifications for it, and asked him what he would charge for it. He told him, but at the same time said to him that if he should have the contract for building it, he would charge him nothing for the plan and specifications. That he prepared them, and during the summer took and showed them to him, and he was well satisfied with them except with some of the chamfered work on the porch, which he thought was a little *Page 454 
stiff, but said it could be modified or altered. That he completed the plan and specifications afterwards, and delivered them to him in September. The usual charge for such service is two and one-half per cent, on the cost of the building, but he only charged two per cent., and estimated the cost of the house at seven thousand dollars, or one hundred and forty dollars. It cost, however, eight thousand dollars. The design of the defendant was to have the house built by contract, and by a postal card afterwards requested a bid from him upon the carpenter's work at six hundred dollars, but Strickland Archer got it at the highest price bid for it. Several other architects testified that the preparation of the plan and specifications were worth from one and one-half to two per cent.
On the contrary, among other witnesses, the defendant was called and sworn on his side, and testified that he was engaged in the lumber business in the city, and in May, 1879, the plaintiff called at his house, and found him looking over two or three books on architecture, and working on a rough ground-plan of a house he proposed building at Eighth and Broome Streets. After transacting some business, he explained his plans to Mr. Thorne, the plaintiff, who told him he was an architect, and would like to make scale drawings from the rough marks of the rooms on the ground floor which he, the defendant, had made; to which he replied that as he had not fully determined when he would build the house, this would be an expense he saw no necessity for incurring at that time. He had no recollection of his, the defendant's, mentioning at the time anything about estimates on materials. In payment for lumber he had allowed the plaintiff an abatement of forty-eight dollars and thirteen cents, and accepted Mr. Allen's note for three hundred and fifty dollars, at ninety days. Mr. Thorne, the plaintiff, never said that he would charge for the plans; he wanted to prepare them, he said, because he was a new man, and this might help him in getting other work. He would only work at night and when at leisure on the plans, and he would do it as a favor, because he, the defendant, had favored him in business transactions as a trader in lumber. He took home with him the rough sketches *Page 455 
made by himself, and never returned them. When he returned and delivered to him afterwards his plans and specifications, he said he was pleased with them, but he did not adopt them because he had employed Mr. E. L. Rice, Jr., architect, to prepare plans for the building. Mr. Thorne never suggested that he expected pay. Plans prepared by Mr. Rice were put in evidence and identified by the defendant. Proposals to do the building were received from five independent bidders, including Mr. Thorne's to do the carpenter's work. He, the defendant, was at Mr. Rice's office when the bids were opened, when all the bidders were present except the plaintiff, and his bid was rejected because he wanted to do the work to the plastering during the winter. When erected, the building was ready for the plaster in April or May the next year. The first intimation he had that the plaintiff expected pay for his plans was made by letter.
Nields for the plaintiff. As to the construction of the recent statute in this State, making the parties to a suit competent witnesses for themselves in it, he asked the court to instruct the jury that if the plaintiff and the defendant in the case had testified directly to the contrary of each other as to any material fact in it, and neither had been impeached, then such testimony of both of them must fall and be entirely excluded from the consideration of the court and jury in the case. Such is the principle that prevails in courts of equity.
Lore, for the defendant, reads the statute. It makes a party to a suit a competent witness in it for himself, and without any further or qualifying provision in it; it clearly intends that he shall be considered like any other competent witness before a court and jury, his credit and credibility to be weighted just as that of any other witness is to be weighted, subject to his known and direct interest in the result of the suit, and which is counterbalanced, on the other hand, by the direct interest to the contrary of the party on the other side.
The Court,
That both the *Page 456 
plaintiff and the defendant had been made competent witnesses for themselves respectively by the general statute referred to, and had each been examined as a competent witness for himself in the case. It is well known, however, to the jury that they have each testified subject to whatever partiality or bias in his own favor a direct interest in the result of the suit may have upon them respectively when speaking in a court of justice under the sanction of an oath. And we know of no such rule or principle applicable here or in this case as the counsel for the plaintiff has referred to. If there be contradiction in their testimony, it will be the duty of the jury to reconcile and harmonize, if they can; but if not, then it must be determined as in other cases of conflicting testimony between competent witnesses not parties to the suit.
The defendant had a verdict.